UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAYNE RICKY ELSON RUDDER,<br><br>              Plaintiff,<br><br>  vs.<br><br>ERIC H. HOLDER, Jr.,<br><br>             Defendant. | NO.  CV-10-3095-LRS<br><br>ORDER OF DISMISSAL |

    On October 14, 2010, plaintiff Wayne Ricky Elson Rudder filed, pro se, a Petition for Declaration of Citizenship under 8 U.S.C. § 1503(a).[1] Ct. Rec. 6. On November 18, 2010, the Court reviewed the Petition for legal and factual sufficiency. The Court has determined that the Petition fails to comply with Federal Rule of Civil Procedure 8(a). For instance, the petition states that plaintiff was denied Social Security benefits allegedly because he is not a citizen of the United States. Petitioner, however, never indicates in his Petition what citizenship he is deemed to have, except that it "falls directly under INA 8 USC 1432 (1952)." Ct. Rec. 6, at 2. Petitioner does not allege removal proceedings are at issue.

    Fed.R.Civ.P. 8(a) requires a complaint to contain a short and

---

[1] Petitioner's cover sheet indicates that this case is a civil rights case.

ORDER OF DISMISSAL - 1

plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Rule 8(e)(1) requires averment of a pleading be simple, concise and direct. Petitioner names Eric Holder., Jr. in what appears to be his individual capacity. The Petition does not state grounds upon which the Court's jurisdiction is based, explain why Plaintiff is entitled to relief, explain why Defendant is liable as an individual, make a demand for relief, or explain why it is signed by an individual named Antolin Andrew Marks rather than Petitioner Wayne Ricky Elson Rudder. The Petition is not legally sufficient under the Federal Rules of Civil Procedure.

Petitioner has filed other motions[2] which the Court denies for the reasons that follow. In Petitioner's Motion for Appointment of Counsel (Ct. Rec. 3) he has an entirely different plaintiff named in the caption, Antolin Andrew Marks, rather than himself and has crossed out "Western" District of Washington and replaced it with "Eastern." Petitioner requests the appointment of counsel pursuant to 28 U.S.C. §1915(e) and 18 U.S.C. §3006A(2)(B).

This court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims

---

[2] The Court notes Plaintiff has failed to comply with the Local Rules for motion practice.

ORDER OF DISMISSAL - 2

pro se in light of the complexity of the legal issues involved." *Id.* (citation omitted).  At this time, the record does not reflect exceptional circumstances. Additionally, Petitioner does not appear to be incarcerated, however, his status is not entirely clear.  In any event, the Court denies Petitioner's request for appointed counsel in this civil case.

Finally the Petitioner has filed a "Pro Se motion to obtain ECF Login and Password," Ct. Rec. 4, which has been brought to the attention of the Court.  The "Petition" filed in this case lists the "Petitioner" in the caption as "Wayne Ricky Elson Rudder," but is signed by "Antolin Andrew Marks."  In the space above the caption where an attorney's name and firm is usually recited is a reference to "Immigration Public Justice Crenshaw Community Service Center."  On the Civil Cover Sheet, Petitioner Rudder identifies his address as 231 Windy Ridge Lane, Moxee. Under these pretenses, the Court denies the request to obtain an ECF Login and Password.

**IT IS HEREBY ORDERED:**

1. Petitioner's action is **DISMISSED** without prejudice.

2. Petitioner's Motion to Appoint Counsel, **Ct. Rec. 3**, is **DENIED**.

3. Petitioner'S Motion to Obtain ECF Login and Password, **Ct. Rec. 4**, is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment accordingly, provide a copy to

/ / /

/ / /

ORDER OF DISMISSAL - 3

plaintiff, and **CLOSE THIS FILE.**

**DATED** this    30th    day of November, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4